BARNES LAW
601 South Figueroa Street, Suite 4050
Los Angeles, California 90017
Telephone:  (310) 510-6211
Facsimile:  (310) 510-6225

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCORRO GALBAN, for herself and on behalf of her minor child, B.S.G.<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF FONTANA, FONTANA POLICE CHIEF WILLIAM GREEN, FONTANA POLICE OFFICER JUSTIN LAING (737) and POLICE OFFICERS DOES 1–10, inclusive.<br><br>Defendants. | Case No.: _____<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **UNLAWFUL SEARCH - INVALID WARRANT, LACK OF PROBABLE CAUSE - 42 U.S.C. § 1983;**<br>2. **UNLAWFUL SEARCH - UNREASONABLE MANNER OF ENTRY AND SEARCH - 42 U.S.C. § 1983;**<br>3. **FALSE ARREST AND FALSE IMPRISONMENT - 42 U.S.C. § 1983;**<br>4. **MONELL POLICY CLAIM AGAINST THE CITY OF FONTANA - 42 U.S.C. § 1983;**<br>5. **VIOLATION OF CALIFORNIA STATE CIVIL RIGHTS**<br>6. **ASSAULT**<br>7. **FALSE IMPRISONMENT BY WAY OF FALSE ARREST UNDER CALIFORNIA LAW**<br>8. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br>9. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br>10. **TRESPASS**<br><br>**(Jury Trial Demanded)** |

## PARTIES

1. Plaintiffs, by and through their attorney, Barnes Law, LLP, bring this action against the City of Fontana, The Fontana Chief of Police, and various Fontana police officers pursuant to 42 U.S.C. 1983 and *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) for an improper home invasion that led to trauma against the Galban family and in violation of the Constitution of the United States of America.

2. Plaintiff Socorro Galban ("Galban" or "Plaintiff") is, and at all times relevant to this was, an individual of the age of majority, residing in the city of Cudahy, California, county of Los Angeles.

3. Plaintiff B.S.G. ("B.S.G.") is, and at all times relevant to this was, an individual of the age of twelve, residing in the city of Cudahy, California, county of Los Angeles, represented by her mother, Plaintiff.

4. Plaintiffs are Latina females.

5. Plaintiffs are a close-knit family.

6. Defendant the city of Fontana, California, and its Fontana Police Department, is a municipality that filed its articles of incorporation on June 25, 1952 in the state of California.

7. Plaintiff is informed and believes and on that basis alleges that at all times relevant to this action, unless otherwise stated, each Defendant in his or her professional capacity, including those fictitiously named, was the agent, servant, employee, partner, and/or joint venture of each remaining Defendant, and was acting within the course and scope of such agency, employment, partnership, and/or joint venture with the permission and consent or ratification of each remaining Defendant, in doing the things alleged in this Complaint.

## COMPLIANCE WITH PRE-SUIT REQUIREMENTS

8. On May 20, 2019, Plaintiff sent a Letter of Representation and Notice of Tort to the city of Fontana, addressed to its mayor, the Hon. Acquenetta Warren.  The letter alleged that at least six city of Fontana police gang unit officers raided the Plaintiff's house by mistake on the night of Sunday, Dec. 20, 2018 because police raided the wrong address.

## JURISDICTION AND VENUE

9. Venue is proper in this Court under 28 United States Code ("U.S.C.") Section 1331, as it is a civil action arising under the Constitution, laws, or treaties of the United States, and as the acts that caused Plaintiff's damages as alleged herein occurred in the city of Cudahy, California, Los Angeles County, within the jurisdiction of this Court.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. Plaintiffs, an adult Latina female and her minor daughter, were residents of Cudahy, Los Angeles County, Ca., 90201.

11. On or about Sunday, Dec. 30, 2018,  at approximately 11:30 p.m., Plaintiffs were dressed in their pajamas, lying in bed and drifting off to sleep.

12. Plaintiff needed to get up in the morning to go to her job at a bank.

13. Plaintiffs were startled by an unusual commotion at their back door.

14. Fearing for her now terrified and crying daughter's safety, Plaintiff arose to investigate.

15. Without warning, at least six law-enforcement officers, apparently from the Fontana Police Department's city gang units, led by officer Justin Laing (737), burst through Ms. Galban's back door pointing their weapons at Plaintiffs, screaming profanely about executing a search warrant.

16. The officers demanded to know where "Eduardo" was.

17. "Why the f--- didn't you answer when you heard us pounding on the door?" one of the police officers demanded to know.

18. The officer also told Plaintiff that she should have heard the police knocking because her house is a "piece of shit" and not a mansion.

19. Galban kept a photo of her brother who had died 14 years prior on her living room wall and the officer asked her, "Who the f--- is that?"

20. Galban and her daughter, clad lightly and only for bed, were ordered outside of the house at gunpoint into the 40-degree night air and questioned about drugs and a man they had never heard of, never met, nor had ever seen.

21. The officers searched the house, and upon finding nothing, continued to threaten and intimidate Ms. Galban and her 12-year-old daughter until the officers realized and admitted to Plaintiffs that *they raided the wrong house.*

22. The Plaintiff's address didn't match the address on the search warrant, which was 5035 Cecilia St. Cudahy, Ca. 90201.

23. Ms. Galban; shaken but undeterred, requested a copy of the search warrant, but the officers refused to provide one.

24. Ultimately, the officers departed leaving Plaintiffs' house damaged (see exhibits A, B).

25. Plaintiffs Mother and daughter are undergoing professional medical evaluation to cope with the trauma of an improper home invasion and verbal berating and abuse by Defendants.

///

///

**FIRST CAUSE OF ACTION**

**UNLAWFUL SEARCH - INVALID WARRANT, LACK OF PROBABLE CAUSE**

**42 U.S.C. § 1983**

**(All Plaintiffs Against all Defendants)**

26. Plaintiffs reallege and incorporate by reference each allegation contained in the preceding paragraphs as if fully set forth herein.

27. The Defendants unreasonably approved, obtained and/or executed a search warrant for Plaintiffs' house, the wrong house, a fact which invalidated the warrant from the start, prior to execution.

28. Defendants' subsequent unauthorized entry and search violated Plaintiffs' Fourth Amendment right to be free from unreasonable searches of their persons and homes.

29. Defendants had a duty to thoroughly investigate and obtain credible and reliable facts regarding where the target resided before requesting, obtaining and executing the warrant at Plaintiffs' address.

30. Such an investigation or surveillance could have been done quickly and easily. However, on information and belief, Defendants did not do the requisite investigation or surveillance which led to an invasion in the wrong home.

31. Defendants lacked probable cause to enter and search Plaintiffs' apartment at the time they applied for a warrant or entered Plaintiffs' home to execute the warrant.

32. Defendants' actions in these respects were objectively unreasonable and were undertaken intentionally, with malice and reckless indifference to Plaintiffs' constitutional rights.

33. As the direct and proximate result of officers' misconduct, Plaintiffs have suffered and continue to suffer serious injury and harm.

34. Defendant officers' conduct under this count merits an award of punitive damages to Plaintiffs. Defendant officers' shocking inaction in failing to cancel or call off execution of the search warrant for Plaintiffs' home when they lacked probable cause to support it constituted an abuse of power and authority.

35. Defendant officers' actions were directed toward the wrong residence and harmed citizens who were totally innocent of all criminal conduct.

36. Defendant officers' conduct toward Plaintiffs was undertaken with willful and wanton disregard for the rights of others. Officers acted with actual intention or with a conscious disregard or indifference for the consequences when the known safety and health of Plaintiffs was involved. Defendant officers acted with actual malice, with deliberate violence, willfully or with such gross negligence as to indicate a wanton disregard for the rights of others.

37. In light and character of Defendant officers' actions toward Plaintiffs, and the lasting or permanent psychological injury that Defendants' conduct has caused Plaintiffs, award of punitive damages is merited.

## SECOND CAUSE OF ACTION

### UNLAWFUL SEARCH - UNREASONABLE MANNER OF ENTRY AND SEARCH

### 42 U.S.C. § 1983

### (All Plaintiffs Against all Defendants)

38. Plaintiffs reallege and incorporate by reference each allegation contained in the preceding paragraphs as if fully set forth herein.

39. The manner in which the officers conducted their entry into and subsequent search of Plaintiffs' apartment were objectively unreasonable, in violation of Plaintiffs' Fourth Amendment rights.

40. For example, when the officers entered into Plaintiffs' apartment they did not knock or announce themselves or their office in circumstances where it was required and mandatory, and they brandished weapons in close range to the Plaintiffs, one of whom is and was a minor child.

41. Additionally, the Defendants unnecessarily damaged or destroyed Plaintiffs' personal property.

42. Further, it was unreasonable for officers to detain Plaintiffs who were plainly not the target described in the search warrant. Plaintiffs were also detained for an unreasonable length of time and in an unreasonable and humiliating manner.

43. Officers' manner of entry and search was objectively unreasonable in these and other ways and were undertaken intentionally, with malice and reckless indifference to Plaintiffs' constitutional rights.

44. Under the circumstances, Defendants had reasonable alternative law enforcement techniques available to them for effective entry and search.

45. As the direct and proximate result of Defendants' misconduct, Plaintiffs have suffered and continue to suffer injury and harm.

46. Defendants' conduct under this count merits an award of punitive damages to Plaintiffs. Defendants' shocking actions of force against a totally unarmed mother and daughter constituted an abuse of power and authority. Defendant's actions were directed towards unarmed citizens who were fully compliant and cooperative and innocent of all criminal conduct.

47. Defendants' conduct towards Plaintiffs was undertaken with willful and wanton disregard for the rights of others, especially children. Defendants acted with actual intention or with a conscious disregard or indifference for the consequences when the known safety and health of Plaintiffs were involved. Defendants acted with actual malice, with deliberate violence, willfully or with such gross negligence as to indicate a wanton disregard of the rights of others.

48. In light of the character of Defendants' actions toward Plaintiffs and the lasting and permanent and psychological injury that Defendants' conduct has caused Plaintiffs, especially the child, an award of punitive damages is merited.

### THIRD CAUSE OF ACTION

### UNLAWFUL SEARCH - FALSE ARREST AND FALSE IMPRISONMENT

### 42 U.S.C. § 1983

### (All Plaintiffs Against all Defendants)

49. Plaintiffs reallege and incorporate by reference each allegation contained in the preceding paragraphs as if fully set forth herein.

50. Defendants arrested and imprisoned Plaintiffs outside of their home when, without a warrant for their arrest and without probable cause to arrest them, the Plaintiffs were ordered to leave their home, without adequate clothing, for a prolonged and unreasonable period of time.

51. Defendants' actions constituted a violation of Plaintiffs' Fourth Amendment right to be free from unreasonable searches and seizures.

52. When Defendants confined Plaintiffs, they unlawfully deprived them of their liberty to move about, despite the fact that they had done nothing illegal and that officers had no probable cause for their arrest or imprisonment. This violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution.

53. One or more Defendants had a reasonable opportunity to prevent or stop the violations of Plaintiffs' constitutional rights but stood by and failed to take action.

54. Through weaponized threats of physical force and the invalid use of legal authority, Defendants acted to arrest, restrain and confine Plaintiffs to a bounded area.

55. Plaintiffs were aware of, and were harmed by Defendants' confinement, as detailed above. Plaintiffs were unable to go into their home to obtain clothes or for any other reason. Plaintiffs

were confined in a public area in view of neighbors and gawkers who suspected them of criminal wrongdoing.

56. Defendants' actions in this respect were objectively unreasonable and undertaken intentionally, with malice and reckless indifference to Plaintiffs' constitutional rights.

57. As the direct and proximate result of officers' misconduct, Plaintiffs have suffered and continue to suffer injury and harm.

58. Defendants' conduct under this count merits an award of punitive damages to Plaintiffs. Defendants shocking actions in requiring Plaintiffs to be exposed to the winter elements in only pajamas, while their home was improperly violated and searched, constituted an abuse of power and authority. Defendants' actions were directed towards someone who was no danger, was not resisting or feeling arrest, was fully compliant, was totally innocent of all criminal conduct, and was only guilty of being present at the house that the Defendants decided to search, regardless of the information on the warrant they obtained.

59. Defendants' conduct towards Plaintiffs was undertaken with willful and wanton disregard for the rights of others. Officers acted with actual intention or with a conscious disregard or indifference for the consequences when the known safety and health of Plaintiffs was involved. Defendant officers acted with actual malice, with deliberate violence, willfully or with such gross negligence as to indicate a wanton disregard of the rights of others.

60. In light of the degrading and humiliating character of Defendants' actions towards Plaintiffs, their conduct merits an award of punitive damages.

///

///

## FOURTH  CAUSE OF ACTION

## MONELL POLICY CLAIM AGAINST THE CITY OF FONTANA

## 42 U.S.C. § 1983

### (All Plaintiffs Against City of Fontana)

61. Plaintiffs reallege and incorporate by reference each allegation contained in the preceding paragraphs as if fully set forth herein.

62. The Officers' violation of the civil rights of the Plaintiffs set forth in the allegations below was directly and proximately caused by specific Fontana and Fontana Police Department interrelated, de facto policies, widespread practices, and/or customs, which existed for more than six years prior to December 2018 ("the *Monell* period").

63. Upon information or belief, for more than six years prior to the events described herein, the basic de facto policy and practice is a failure of official City policy: City has failed and continues to fail to place official priority on avoiding unnecessary use of force, and the deprivation of civil rights against children and their adult relatives in the children's presence.

64. Upon information or belief, for more than six years prior to the events described herein, the basic de facto policy and practice is a failure of official City policy: Fontana has failed and continues to fail to require officers to make reasonable efforts before obtaining and/or executing a warrant to determine, through investigation and surveillance, (a) whether children reside in the residence, (b) to avoid entry and search at times when children are likely to be present, (c) to de-escalate themselves or change tactics when they encounter young children, or (d) to verify the home they are attempting to search is even the correct address.

65. Upon information or belief, for more than six years prior to the events described herein, the basic de facto policy and practice is a failure of official City policy: Fontana has failed and continues to fail to require officers to make reasonable efforts before obtaining and/or executing

a warrant to determine, through investigation and surveillance, (a) whether children reside in the residence, (b) to avoid entry and search at times when children are likely to be present, (c) to de-escalate themselves or change tactics when they encounter young children, or (d) to verify the home they are attempting to search is even the correct address.

66. Upon information or belief, for more than six years prior to the events described herein, Fontana has a pervasive practice of failing to adequately train, intervene with, investigate, and discipline its officers, for violations of civil rights.  The failure to investigate and discipline officers for the sorts of behaviors described herein, against Latina women, is a failure of accountability.

## FIFTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA STATE CIVIL RIGHTS

67. Plaintiffs reallege and incorporate by reference each allegation contained in the preceding paragraphs as if fully set forth herein.

68. Defendants, and each of them, are individuals who were acting under color of state law in conducting an investigation and related proceedings and matters as described in California Government Code section 820.21(a).  Each of the individual Defendants, and Does 1-10, inclusive, participated in, conspired with, approved of, and/or aided and abetted the conduct of the remaining Defendants.

69. As a result of Defendants' conduct, Defendants, and each of them, by the use of threats, intimidation and coercion (or attempts to threaten, intimidate or coerce), interfered with Plaintiffs' exercise and enjoyment of the rights secured by the United States Constitution and other Federal laws, the Constitution and laws of the State of California, and their rights under California Government Code section 820.21, and California Civil Code sections 43, 49, 51, 52 (*The Unruh Civil Rights Act*), and 52.1.

70. Such conduct includes, but is not limited to: unlawful search and seizure, false imprisonment and arrest, infliction of emotional distress, unlawful destruction of private property, as mentioned hereinabove, and in violation of the rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

71. Defendants and their respective entities are vicariously responsible for the conduct of individual officer Defendants and Does 1 through 10, inclusive, under California Government Code section 815.2, and other applicable statutory and case law.

72. As a direct and proximate result of these Defendants' actions, Plaintiffs have suffered, and will continue to suffer, physical, mental, and emotional injuries, all to an extent and in an amount subject to proof at trial.

73. The rights violated by Defendants, and each of them, are protected by California Civil Code sections 43, 49, 51, and 52.1, which entitle Plaintiffs to compensatory and punitive damages, injunctive relief, statutory civil penalty (including $25,000.00 as to each individual Defendant) and attorneys' fees, as provided for by the laws and the Constitution of the State of California, and are requested herein.

74. Defendants acted with malice and with the intent to cause injury to Plaintiffs, or acted with a willful and conscious disregard to the rights of Plaintiffs in a despicable, vile and contemptible manner.  Therefore, Plaintiffs are entitled to an award of punitive damages for the purpose of punishing these Defendants and to deter them and others in the future.

## SIXTH CAUSE OF ACTION

### ASSAULT

75. Plaintiffs reallege and incorporate by reference each allegation contained in the preceding paragraphs as if fully set forth herein.

76. As described hereinabove, Defendants intentionally, willfully, wantonly and maliciously threatened to strike or shoot Plaintiffs and did raise loaded weapons and point them at Plaintiffs in such a manner so as to cause Plaintiffs to reasonably believe they were about to be struck or fired upon in a harmful and offensive manner. Because of Defendants' status as police officers, invading Plaintiffs' residence illegally and without cause, a reasonable person in Plaintiffs' situation would have been offended by the threatened, violent touching.

77. At no time during the events described in the preceding paragraph, nor at any time prior thereto, did Plaintiffs consent to any of Defendants' threatened conduct.

78. As a direct and proximate result of Defendants' threats as aforesaid, coupled with their present ability to carry them out, Plaintiffs felt the imminent apprehension of such contact, and they therefore suffered severe emotional distress and other injuries to her person, in an amount to be shown according to proof.

79. As a direct, legal and proximate result of the actions of Defendants, Plaintiffs sustained serious and permanent injuries to their persons, all to their damage in an amount to be shown according to proof and within the jurisdiction of the Court.

80. As a direct, legal and proximate result of the aforesaid acts of Defendants, Plaintiffs were compelled to and did employ the services of medical professionals to care for and treat them, and did incur medical, professional and incidental expenses, and Plaintiffs are informed and believe, and upon such information and belief alleges, that they will necessarily by reason of their injuries, incur additional like expenses for an indefinite period of time in the future, all to Plaintiffs' damage in a sum to be shown according to proof.

81. Plaintiffs are informed and believe that the aforesaid acts directed towards Plaintiffs were carried out and the acts were done with a conscious disregard of Plaintiffs' right to be free from such tortious and criminal behavior, such as to constitute oppression, fraud or malice pursuant to

California Civil Code Section 3294, entitling Plaintiffs to punitive damages in an amount appropriate to punish and set an example of said Defendants.

## SEVENTH CAUSE OF ACTION

### FALSE IMPRISONMENT BY WAY OF FALSE ARREST UNDER CALIFORNIA LAW

82. Plaintiffs reallege and incorporate by reference each allegation contained in the preceding paragraphs as if fully set forth herein.

83. Defendants arrested and imprisoned Plaintiffs outside of their home when, without a warrant for their arrest and without probable cause to arrest them, the Plaintiffs were ordered to leave their home, at gunpoint, without adequate clothing, for a prolonged and unreasonable period of time.

84. At no time did either Plaintiff consent to the confinement.

85. When Defendants confined Plaintiffs, they unlawfully deprived them of their liberty to move about, despite the fact that they had done nothing illegal and that officers had no probable cause for their arrest or imprisonment.

86. One or more Defendants had a reasonable opportunity to prevent or stop the violations of Plaintiffs' constitutional rights but stood by and failed to take action.

87. Through weaponized threats of physical force and the invalid use of legal authority, Defendants acted to arrest, restrain and confine Plaintiffs to a bounded area.

88. Plaintiffs were aware of, and were harmed by Defendants' confinement, as detailed above. Plaintiffs were unable to go into their home to obtain clothes or for any other reason. Plaintiffs were confined in a public area in view of neighbors and gawkers who suspected them of criminal wrongdoing.

89. Defendants' actions in this respect were objectively unreasonable and undertaken intentionally, with malice and reckless indifference to Plaintiffs' constitutional rights.

90. As the direct and proximate result of officers' misconduct, Plaintiffs have suffered and continue to suffer injury and harm.

91. Defendants' conduct under this count merits an award of punitive damages to Plaintiffs. Defendants' shocking actions in requiring Plaintiffs to be exposed to the winter elements in only pajamas, while their home was improperly violated and searched, constituted an abuse of power and authority. Defendants' actions were directed towards someone who was no danger, was not resisting or feeling arrest, was fully compliant, was totally innocent of all criminal conduct, and was only guilty of being present at the house that the Defendants decided to search, regardless of the information on the warrant they obtained.

92. Defendants' conduct towards Plaintiffs was undertaken with willful and wanton disregard for the rights of others. Officers acted with actual intention or with a conscious disregard or indifference for the consequences when the known safety and health of Plaintiffs was involved. Defendant officers acted with actual malice, with deliberate violence, willfully or with such gross negligence as to indicate a wanton disregard of the rights of others.

93. In light of the degrading and humiliating character of Defendant

94. s' actions towards Plaintiffs, their conduct merits an award of punitive damages.

## EIGHTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

95. Plaintiffs reallege and incorporate by reference each allegation contained in the preceding paragraphs as if fully set forth herein.

96. Plaintiffs are informed and believe, and thereon allege, that the actions of Defendants were intentional, extreme, and outrageous. Such actions were done with the intent to cause serious emotional distress or with reckless disregard of the probability of causing Plaintiffs serious emotional distress.

97. As a direct, legal and proximate result of the actions of Defendants, Plaintiffs suffered severe emotional distress, including but not limited to; suffer and continue to suffer anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame, such that an ordinary, reasonable person would be unable to cope with it.

98. Defendants' conduct has caused Plaintiffs to sustain severe, serious and permanent injuries to their persons, all to their damage in a sum to be shown according to proof and within the jurisdiction of the Court.

99. As a direct, legal and proximate result of the aforesaid acts of Defendants, Plaintiffs were compelled to and did employ the services of medical professionals to care for and treat them, and did incur medical, professional and incidental expenses, and Plaintiffs are informed and believe, and upon such information and belief allege that they will necessarily by reason of their injuries incur additional like expenses for an indefinite period of time in the future, all to Plaintiffs' damage in a sum to be shown according to proof.

100. Plaintiffs are informed and believe that the aforesaid acts directed towards Plaintiffs were carried out and the acts were done with a conscious disregard of Plaintiffs' right to be free from such tortious and criminal behavior, such as to constitute oppression, fraud or malice pursuant to California Civil Code Section 3294, entitling Plaintiffs to punitive damages in an amount appropriate to punish and set an example of said Defendants.

## NINTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

101. Plaintiffs reallege and incorporate by reference each allegation contained in the preceding paragraphs as if fully set forth herein.

102. Defendants, as officers acting under the color of law, owed a duty to Plaintiffs.

103.   Defendants breached their duty owed to Plaintiffs by, among other things, their wanton conduct, false imprisonment, unlawful search and seizure, assault and trespass.

104.   Plaintiffs are informed and believe, and thereon allege, that the actions of Defendants were negligent and/or willful violations of statutory standard placed on conduct of officers of the law.

105.   As a direct, legal and proximate result of the actions of Defendants, Plaintiffs suffered severe emotional distress, and continue to suffer, including but not limited to, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame, such that an ordinary, reasonable person would be unable to cope with it.

106.   Defendants' conduct has caused Plaintiffs to sustain severe, serious and permanent injuries to their persons, all to their damage in a sum to be shown according to proof and within the jurisdiction of the Court.

107.   As a direct, legal and proximate result of the aforesaid acts of Defendants, Plaintiffs were compelled to and did employ the services of medical professionals to care for and treat them, and did incur medical, professional and incidental expenses, and Plaintiffs are informed and believe, and upon such information and belief allege that they will necessarily by reason of their injuries incur additional like expenses for an indefinite period of time in the future, all to Plaintiffs' damage in a sum to be shown according to proof.

108.   Plaintiffs are informed and believe that the aforesaid acts directed towards Plaintiffs were carried out and the acts were done with a conscious disregard of Plaintiffs' right to be free from such tortious and criminal behavior, such as to constitute oppression, fraud or malice pursuant to California Civil Code Section 3294, entitling Plaintiffs to punitive damages in an amount appropriate to punish and set an example of said Defendants.

///

///

## TENTH CAUSE OF ACTION

### TRESPASS

109.    Plaintiffs reallege and incorporate by reference each allegation contained in the preceding paragraphs as if fully set forth herein.

110.    Defendants, without Plaintiffs' consent or permission, intentionally or recklessly entered Plaintiffs' property and damaged Plaintiffs' real and personal property in the manner described hereinabove.  Plaintiffs did not give permission for the entry.

111.    As a legal result of the Defendants' entry onto Plaintiffs' Property, and the wanton and reckless behavior of Defendants once inside, Plaintiffs suffered damages in an amount as necessary to restore the Plaintiffs' property to its prior condition.  The value of the destruction of Plaintiffs' property and cost of restoring the Plaintiffs' property to its approximate original state is an amount to be determined at trial.

112.    As a further legal result of the Defendants' entry onto Plaintiffs' Property and the wanton and reckless behavior of Defendants once inside, the value of Plaintiffs' Property has been diminished in an amount to be determined at trial.

113.    As a further legal result of the Defendants' entry onto Plaintiffs' Property and the wanton and reckless behavior of Defendants once inside, Plaintiffs suffered discomfort and annoyance caused by seeing their personal belongings damaged and destroyed, and suffered discomfort and annoyance by the damage to their home. As a result of this discomfort and annoyance, Plaintiffs have suffered general damages in an amount to be determined at trial.

114.    The aforementioned acts of the Defendants were willful, oppressive, fraudulent and malicious in that Defendants illegally and without permission entered Plaintiffs' property and ransacked Plaintiffs' belongings under an illegal and unlawful search and seizure.  Plaintiffs are

entitled to treble damages pursuant to <u>California Civil Code</u> § 3346, <u>California Code of Civil Procedure</u> §§ 733 and 1029.8.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully prays for judgment as follows:

A.  For general damages plus interest, including prejudgment interest, in an amount to be determined by proof at trial;

B.  For special damages plus interest, including prejudgment interest, in an amount to be determined by proof at trial;

C.  For other economic and compensatory damages, in an amount to be determined by proof at trial;

D.  For punitive and exemplary damages, including treble damages, as permitted;

E.  For costs of suit incurred herein;

F.  For reasonable attorney's fees; and

G.  For such other and further relief as this Court deems just and proper.

DATED: December 19th, 2019                    Respectfully submitted,

BARNES LAW

_____
By: Robert E. Barnes, Esq.
Attorney for Plaintiff

# Exhibit A



# Exhibit B

